UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILEY GILL, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>                    Defendants. | Case No. 14-cv-03120-RS<br><br>**ORDER RE DEFENDANTS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

This is a challenge to a non-dispositive pretrial ruling issued by the assigned magistrate judge. A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).

Plaintiffs moved to "complete" the administrative record submitted by defendants in this action brought under the Administrative Procedure Act ("APA"). The primary dispute presented in the parties' briefing before the magistrate judge was whether defendants appropriately limited the record to documents related to development of the so-called "reasonably indicative" standard embodied in the broader "Functional Standard" adopted by defendant Program Manager for the Information Sharing Environment ("PM-ISE") or whether instead the record should encompass documents related to development of the "Functional Standard" as a whole. The magistrate judge effectively ruled in defendants' favor on that point, stating the record should consist of documents related to defendants' decision "to adopt a standard that is broader than 28 C.F.R. Part 23 and

authorizes the collection, maintenance, and dissemination of information even in the absence of reasonable suspicion of criminal activity, in conflict with 28 C.F.R. Part 23." Plaintiffs, who argued for a broader scope, have not challenged the magistrate judge's decision.

Defendants, however, challenge certain other aspects of the magistrate judge's ruling. First, defendants contend there was no basis to require them to "revisit the administrative record to ensure its completeness." Contrary to defendants' argument, however, the magistrate judge did not rely improperly on mere "linguistic differences" between their certification and the standard to conclude that plaintiffs had sufficiently rebutted the presumption of completeness that attaches in matters like these. The order set out a list of twenty documents or categories of documents that, in plaintiffs' view, the existing administrative record discloses were actually considered by the agency but were nevertheless omitted. While the order declined to rule whether any or all of those specific categories must be included, it expressly found that the certified administrative record "on its face, appears to contain less than all documents and materials directly or indirectly considered by the agency in making its decision."

Additionally, the differences between defendants' certification and the governing standard are more than "linguistic." Despite having once amended the certification, defendants omitted any express statement that the record included materials "indirectly" considered by the agency, as the standard requires. While defendants now offer authority for the proposition that they did not need to certify the record at all, and that "inadequately worded" certifications are not necessarily fatal, they have not shown that the magistrate judge clearly erred or acted contrary to law in drawing inferences from the language of the certification to bolster the conclusion that the record may require inclusion of additional material, notwithstanding the initial presumption of completeness.

Defendants also complain that they should not be required, upon revisiting the record, to provide a declaration explaining their search and its results. Whether or not such a declaration is always appropriate, defendants have not shown it to be clear error or contrary to law to require one under all the circumstances here. Likewise defendants have not shown a basis for setting aside the magistrate judge's order to provide a privilege log, particularly given their express concession that

case law is split on the point, and that there is an "absence of any controlling authority in the Ninth Circuit."

Finally, defendants object to that portion of the magistrate judge's order requiring them to include in the administrative record documents relating to the decision to promulgate the challenged standard without public notice and comment. The parties did not brief the magistrate judge on the standard of review that would apply to plaintiffs' claim regarding the lack of notice and comment, and that question was not before her. Nor is it appropriate to decide that issue in the context of the present motion. Nevertheless, at least at this juncture it appears likely to be a question of pure law as to whether the rule is "interpretive" or "legislative." *See Chief Prob. Officers of California v. Shalala*, 118 F.3d 1327, 1330 (9th Cir. 1997). If so, the considerations that went into defendants' decision not to provide notice and a comment period may be entirely irrelevant. Accordingly, enforcement of that portion of the magistrate judge's order will be deferred, pending any further order of court.

In their joint case management conference statement, the parties request that defendants be given 60 days to comply with the magistrate judge's order. Even though defendants have been relieved from complying with one aspect of that order for the time being, they will be given 60 days to comply with the other provisions of the order. Upon completion of that process, the parties shall meet and confer regarding the twenty specific documents or categories of documents identified in plaintiffs' motion, to the extent any or all of them remain in dispute in light of (1) the magistrate judge's ruling that the scope of the record is limited to the decision "to adopt a standard that is broader than 28 C.F.R. Part 23 and authorizes the collection, maintenance, and dissemination of information even in the absence of reasonable suspicion of criminal activity, in conflict with 28 C.F.R. Part 23" (as opposed to the adoption of the Functional Standard as a whole), and (2) any further documents defendants may have included in the record upon revisiting the issue. After such meet and confer discussions, any remaining disputes regarding the twenty documents or categories, or other aspects of defendants' compliance with the magistrate judge's order, shall be presented to the magistrate judge for resolution.

Upon final resolution of the administrative record, the parties shall file a joint statement notifying the court that the record is complete and setting out any views they may have as to how the matter should proceed. The Case Management Conference set for February 18, 2016 is vacated. For purposes of administrative place-holding, a further Case Management Conference will be set for August 4, 2016, but the expectation is that there will be further proceedings prior to that date.

**IT IS SO ORDERED**.

Dated: February 12, 2016

_____
RICHARD SEEBORG
United States District Judge